ABRAHAM GOODKIND AND OTHERS *v.* JONATHAN M. STRICKLAND AND OTHERS.

Where an action is commenced in the Marine Court by attachment, and the defendant is either not personally served, or does not appear, and judgment is taken by default; *held* that the proceedings are in the nature of actions *in rem*, and the execution in the action can only be enforced against the attached property.

And where a transcript of the judgment was filed in the office of the clerk of New York county, and an execution issued to Westchester county to be levied upon other property, the Court of Common Pleas will, upon motion, set aside such execution for irregularity.

APPEAL from an order setting aside an execution for irregularity.

The plaintiffs commenced this action in the Marine Court of the city of New York, by attachment, on the ground of the *non-residence* of the defendants. The only property attached was a leasehold interest in 27th street, New York. No process was ever personally served on the defendants, and they did not appear in the action, and judgment was taken against them, as by default. A transcript of this judgment was filed in the county clerk's office, New York, and an execution in the usual form was thereupon issued out of the Court of Common Pleas

to the sheriff of Westchester county, commanding the enforcement of said judgment against all the property of the defendants in that county. The defendants moved to set aside the execution for irregularity. From the order granting the motion the plaintiffs appealed.

*J. H. Whitelegge*, for appellants.

*David McAdam*, for respondents.

By THE COURT.*—ROBINSON, J.   The judgment in this action was obtained in the Marine Court, in an action commenced by attachment on the ground of non-residence of the defendants. No personal service was ever made on any of the defendants, nor did they appear in the action.   The attachment was levied on some leasehold property in the city of New York.

After the judgment was recovered, a transcript was filed in the office of the clerk of the city and county of New York, upon which the plaintiffs issued an execution out of this court to the sheriff of Westchester county.

This execution has been set aside on motion, and an appeal is taken from that order.   Proceedings by way of attachment, when the defendant is not personally served and does not appear, are in the nature of actions *in rem*, and an execution on the judgment can only be levied upon, or enforced against, the property seized under the attachment.   (Code, § 237 and Laws, 1831, chap. 300, § 39, made applicable to Marine Court by § 47, and see *Cooper* v. *Roe*, U. S. Sup. Court, Dec. '70; N. Y. Transcript, Feb. 7th, '71.)

The attempt of the plaintiffs to enforce their judgment against any other property, either by the filing of a transcript in the office of the clerk of Westchester county, or issuing an execution to the sheriff of that county, was unauthorized in law and prohibited by statute (§ 39 of act of 1831).

The order appealed from should therefore be affirmed with costs.

---

* Present—Robinson, Loew, and Larremore, JJ.